IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JESSE DUNLAP, No. 10161094 | § § § |
| Petitioner, | § § |
| V. | §   NO. 4:23-CV-0010-O § |
| DIRECTOR, TDCJ-CID, | § § § |
| Respondent. | § |

**OPINION AND ORDER**

Came on for consideration the amended petition of Jesse Dunlap for writ of habeas corpus under 28 U.S.C. § 2254. The Court, having considered the petition, the response, the record, and applicable authorities, concludes that the petition must be **DISMISSED** as untimely.

**I.   BACKGROUND**

On September 13, 2001, Petitioner pled guilty and was convicted of aggravated sexual assault of a person 65 years of age or older under Case No. 0775605D in the 396th Judicial District Court, Tarrant County, Texas. He is serving a sentence of thirty-five years' imprisonment. ECF No. 26-2 (SHCR 01) at 6. He did not appeal. *Id.* at 57 (docket sheet); ECF No. 27 at 3.

Petitioner filed five state applications for writ of habeas corpus. The first was filed May 5, 2019, ECF No. 26-2 (SHCR 01) at 23, but the Court of Criminal Appeals of Texas dismissed it as noncompliant with Rule 73.1 of the Texas Rules of Appellate Procedure on July 3, 2019. ECF No. 26-7 (SHCR 01) Action Taken. On October 22, 2019, Petitioner filed his second state application, ECF No. 26-8 (SHCR 02) at 1, which was denied February 19, 2020, without written order. ECF No. 26-10 (SHCR 02) Action Taken. On December 10, 2019, Petitioner filed his third state application, ECF No. 26-4 (SHCR 03) at 23, which was denied without written order on April 15,

2020. ECF No. 26-11 (SHCR 03) Action Taken. On August 12, 2020, his fourth application was dismissed without written order as subsequent. ECF No. 26-12 (SHCR 04) Action Taken. And, on October 28, 2020, his fifth application was dismissed as subsequent. ECF No. 26-13 (SHCR 05) Action Taken.

On November 28, 2022, the Clerk received Petitioner's federal habeas application. ECF No. 1. The petition reflects that it was signed on November 24, 2023 [sic]. *Id.* at 10. Because the petition had a number of documents attached, the Court required that Petitioner file an amended petition to clarify the grounds he intended to assert. ECF No. 12. The amended petition was received for filing January 20, 2023. ECF No. 13. In it, Petitioner sets forth four grounds, asserting, as best the Court can tell, that (1) he received ineffective assistance of counsel; (2) there is no DNA evidence to support his conviction; (3) he was incompetent to stand trial; and, (4) he was inadequately admonished. *Id.* at 6–7.[1]

**II.     LIMITATIONS**

A one-year period of limitation applies to a petition for writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The period runs from the latest of —

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of diligence.

---

[1] The page reference is to "Page __ of 21" reflected at the top right portion of the document on the Court's electronic filing system.

2

28 U.S.C. § 2244(d)(1). Typically, the time begins to run on the date the judgment of conviction becomes final. *United States v. Thomas*, 203 F.3d 350, 351 (5th Cir. 2000). A criminal judgment becomes final when the time for seeking direct appeal expires or when the direct appeals have been exhausted. *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987).

The time during which a properly filed application for state post-conviction relief is pending does not count toward the period of limitation. 28 U.S.C. § 2244(d)(2). A state habeas petition is pending on the day it is filed through the day it is resolved. *Windland v. Quarterman*, 578 F.3d 314, 317 (5th Cir. 2009). A subsequent state petition, even though dismissed as successive, counts to toll the applicable limitations period. *Villegas v. Johnson*, 184 F.3d 467, 470 (5th Cir. 1999). And, a motion for reconsideration of the denial of a state petition also counts to toll limitations. *Emerson v. Johnson*, 243 F.3d 931, 935 (5th Cir. 2001). A state habeas application filed after limitations has expired does not entitle the petitioner to statutory tolling. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

Equitable tolling is an extraordinary remedy available only where strict application of the statute of limitations would be inequitable. *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). The doctrine is applied restrictively only in rare and exceptional circumstances. *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). The petitioner bears the burden to show that equitable tolling should apply. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). To do so, the petitioner must show that he was pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented the timely filing of his motion. *Holland v. Florida*, 560 U.S. 631, 649 (2010). The failure to satisfy the statute of limitations must result from factors beyond the petitioner's control; delays of his own making do not meet the test. *In re* Wilson, 442

F.3d at 875. Equitable tolling applies principally where the petitioner is actively misled by the government or is prevented in some extraordinary way from asserting his rights. *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002); *Patterson*, 211 F.3d at 930. Neither excusable neglect nor ignorance of the law is sufficient to justify equitable tolling. *Id.* Lack of legal acumen and unfamiliarity with legal process are not sufficient justification to toll limitations. *United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008); *Alexander*, 294 F.3d at 629.

Finally, the Supreme Court has recognized actual innocence as an equitable exception to the statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). To meet the actual innocence exception to limitations, the petitioner must show that, in light of new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt. *Id.* at 386–87; *Merryman v. Davis*, 781 F. App'x 325, 330 (5th Cir. 2019). "Actual innocence" means factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998). Moreover, such a claim requires the petitioner to support his allegations with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

### III.   ANALYSIS

Petitioner did not timely appeal. Accordingly, his conviction became final October 15, 2001, when the time for filing a direct appeal expired. Tex. R. App. P. 26.1; *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008). His federal writ application was due October 15, 2002. Petitioner's state habeas applications were not timely filed, so none of them tolled limitations. 28 U.S.C. § 2244(d)(2); *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013); *Scott*, 227 F.3d at 263.

Petitioner does not address the issue of timeliness.[2] ECF No. 13 at 9. He makes no attempt

---

[2] In his original petition, Petitioner responded to the question about timeliness by making the nonsensical response: "sent a motion to set aside until 2022 you only sent me one 2254." ECF No. 1 at 9.

to establish that he acted diligently in pursuing state habeas relief and then in filing his federal application. In particular, he does not identify any circumstance that prevented his timely filing a petition. *Holland*, 560 U.S. at 649.

## IV. CONCLUSION

For the reasons discussed herein, Petitioner's application is **DISMISSED AS UNTIMELY**.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this **10th day** of **May, 2023**.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE

5